JUN 3 2026 PM 12:52
FILED - USDC - BPT - CT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANWAR ABU-SHAYED,

    Plaintiff,

v.

CROSS RIVER BANK,

    Defendant.

Case No.:

_____

**COMPLAINT**

**JURY TRIAL
DEMANDED**

## COMPLAINT

Plaintiff Anwar Abu-Shayed ("Plaintiff"), proceeding pro se, brings this civil action against Defendant Cross River Bank ("Cross River" or "Defendant") and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an employment discrimination, retaliation, credit-reporting, and state-law tort action arising from Plaintiff's employment with Cross River Bank, her October 17, 2023 termination, and Defendant's post-termination conduct.
2. Plaintiff alleges that Cross River treated her differently because of her Arab/Palestinian ancestry, Palestinian national origin, and Muslim religion; used a disputed Divvy/CREDO card issue as a pretext for termination; denied her the repayment treatment afforded to other employees; branded her as dishonest or a thief; and then continued to escalate the matter after she complained of discrimination.
3. Plaintiff further alleges that Cross River's post-termination statements, collection-related assertions, and data/reporting practices caused continuing financial, reputational, employment, and consumer-data harm.

### II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b).
5. This Court has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367 because those claims arise from the same employment separation, post-termination conduct, and course of harm.
6. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391 because Plaintiff resides in Connecticut, substantial effects of Defendant's conduct were felt in Connecticut, Defendant transacts business affecting Connecticut residents, and relevant employment, consumer, and post-termination harms occurred or continued while Plaintiff resided in Connecticut.

pg 1 of 8

7. Plaintiff filed administrative charges and received administrative notices relating to the Cross River matter, including CHRO No. 2530104 and EEOC No. 16A-2024-01754 / EEOC Charge No. 524-2024-00226. Plaintiff files this action to preserve and pursue her judicial remedies.

### III. PARTIES

8. Plaintiff Anwar Abu-Shayed is an individual residing in Waterbury, Connecticut. Plaintiff is of Arab/Palestinian ancestry and Palestinian national origin, and she is Muslim.
9. Defendant Cross River Bank is a financial institution with its principal office at 2115 Linwood Avenue, Fort Lee, New Jersey 07024. Cross River employed Plaintiff and is an employer within the meaning of Title VII and related employment laws.
10. At all relevant times, Defendant acted through its officers, managers, employees, agents, counsel, and representatives, including human resources and senior management personnel involved in Plaintiff's termination and post-termination communications.

### IV. ADMINISTRATIVE EXHAUSTION

11. Plaintiff filed an EEOC charge alleging discrimination based on national origin and religion in connection with her October 17, 2023 termination.
12. Plaintiff also filed or pursued related administrative proceedings before the Connecticut Commission on Human Rights and Opportunities ("CHRO").
13. The CHRO issued a Release of Jurisdiction in CHRO No. 2530104, identifying Cross River Bank as Respondent and EEOC No. 16A-2024-01754, and advising that Plaintiff was authorized to commence a civil action subject to applicable deadlines and service requirements.
14. To the extent any claim does not require administrative exhaustion, including claims under 42 U.S.C. § 1981, FCRA, and state tort law, Plaintiff asserts those claims independently and under supplemental jurisdiction where applicable.

### V. FACTUAL ALLEGATIONS

15. Plaintiff began employment with Cross River Bank in or about June 2022 as an Enterprise Risk Management - IT Analyst.
16. Plaintiff's work involved risk, cybersecurity, governance, and technology-related functions, including work on risk assessments, compliance processes, and governance tooling.
17. Plaintiff's offer and employment terms included substantial compensation and benefits, including a base salary, bonus eligibility, equity-related compensation, health benefits, professional development benefits, and other employee benefits.
18. During her employment, Plaintiff received favorable treatment and compensation signals, including a bonus and increased compensation, which Plaintiff understood as evidence that she was in good standing and performing satisfactorily.
19. Cross River maintained a CREDO or employee development opportunity program and issued Plaintiff a Divvy or prepaid company card connected to development funds.
20. Plaintiff understood the card and development funds to be connected to professional development and employee benefit purposes, including education-related expenses, and Plaintiff asserts that the policy and approval process were unclear or inconsistently applied.

pg. 2 of 8

21. Plaintiff used the card for certain expenses that Cross River later disputed as unauthorized or personal. Plaintiff did not understand at the time that the issue would be treated as theft or dishonesty rather than as a reimbursable or repayable employee-benefit issue.

22. Plaintiff offered to repay amounts that Cross River believed were not approved or not reimbursable.

23. Plaintiff alleges that other employees outside her protected class were permitted to reimburse or repay disputed card charges without termination or theft accusations.

24. Plaintiff identified, among others, a non-Arab/non-Palestinian comparator who allegedly was permitted to repay unapproved expenses and was not terminated.

25. On or about October 7, 2023 and thereafter, public and workplace attention to the Israel/Gaza conflict intensified. Plaintiff is Palestinian and experienced the workplace environment as increasingly hostile or unsafe for persons of Palestinian ancestry, national origin, or Muslim faith.

26. Plaintiff alleges that Cross River leadership and workplace communications expressed strong support for Israel and condemnation of one side of the conflict, while failing to provide equivalent concern or neutrality for Palestinian employees or employees with Palestinian family ties.

27. Plaintiff had previously disclosed facts connecting her to Palestinian identity and family, including communications regarding her Palestinian grandmother and public biographical information identifying her Palestinian background.

28. On October 17, 2023, Plaintiff was called into a meeting with Cross River representatives, including human resources and senior management.

29. Plaintiff alleges that the decision to terminate her was sudden, severe, and inconsistent with the way similar repayment issues were handled for other employees.

30. During the termination meeting, Plaintiff was told in substance that Cross River had no choice but to terminate her because stealing was unacceptable. Plaintiff immediately objected to being called a thief or accused of stealing.

31. Plaintiff alleges that Defendant's characterization was false, defamatory, and disproportionate because she had not stolen from the company, had offered to repay any disputed amount, and had not been given a fair opportunity to resolve the issue as a repayment matter.

32. Cross River's later position statement asserted that Plaintiff used the company card for unauthorized personal purchases totaling thousands of dollars and that she was terminated after investigation on October 17, 2023.

33. Plaintiff alleges that the same-day investigation and termination timing show pretext, because the investigation was not meaningful, independent, or completed before the decision was made.

34. Plaintiff alleges that Cross River's explanation shifted over time, including changing or escalating the amount claimed, characterizing the issue as misconduct or theft, and later asserting positions not clearly stated in the initial separation paperwork.

35. On or about October 18, 2023, Cross River issued or caused post-termination communications demanding that Plaintiff remove or stop statements concerning her belief that discrimination played a role in her termination.

36. Cross River acknowledged in later correspondence that Plaintiff removed a LinkedIn post, yet continued to demand repayment and reserve rights against her.

pg. 3 of 8

37. Plaintiff alleges that Cross River's post-termination legal threats, police-related reporting or victim-notification conduct, and reputational attacks were intended to intimidate her, suppress her protected complaints, and deter her from pursuing discrimination remedies.

38. Plaintiff alleges that Defendant's accusation that her conduct amounted to stealing or theft harmed her reputation, impaired her ability to explain her termination to prospective employers, and caused economic and emotional harm.

39. Plaintiff alleges that she lost employment opportunities and suffered severe professional harm because she was forced to disclose or address Defendant's stigmatizing characterization of her separation.

40. Plaintiff further alleges that Cross River or entities acting through or from Cross River-related data later maintained, transmitted, or failed to correct inaccurate consumer or risk-related information about Plaintiff.

41. Plaintiff submitted regulatory complaints concerning Cross River-related data, risk flags, vendor oversight, consumer reporting, and post-employment financial harms.

42. Plaintiff alleges that after she disputed Cross River-related debt or data through third parties or consumer reporting channels, Cross River failed to conduct a reasonable investigation, failed to correct inaccurate information, and permitted inaccurate or harmful data to continue affecting her.

43. Plaintiff alleges that the conduct described above was causally connected to her protected status, her protected complaints about discrimination, and/or her exercise of statutory consumer dispute rights.

44. As a direct and proximate result of Defendant's actions, Plaintiff suffered lost wages, lost benefits, loss of career opportunities, reputational injury, emotional distress, credit and financial harm, out-of-pocket losses, and other damages.

## VI. CLAIMS FOR RELIEF

### COUNT ONE - TITLE VII DISCRIMINATION
### National Origin and Religion

45. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

46. Plaintiff is a member of protected classes based on her Palestinian/Arab national origin and Muslim religion.

47. Plaintiff was qualified for her position and performed her job satisfactorily.

48. Cross River terminated Plaintiff and subjected her to materially adverse treatment, including stigmatizing accusations and unequal repayment treatment.

49. Plaintiff alleges that similarly situated employees outside her protected classes were treated more favorably, including being permitted to repay disputed expenses without termination or theft accusations.

50. The timing, workplace context, unequal treatment, and severity of Defendant's response support a reasonable inference that Plaintiff's national origin and/or religion were motivating factors in Defendant's decision.

51. Defendant's conduct violated Title VII, 42 U.S.C. § 2000e et seq.

### COUNT TWO - TITLE VII RETALIATION

52. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

pg. 4 of 8

53. Plaintiff engaged in protected activity when she opposed and complained about what she reasonably believed was discrimination based on Palestinian/Arab national origin and/or Muslim religion.

54. After Plaintiff complained and publicly stated her belief that discrimination played a role in her termination, Cross River threatened legal action, demanded that she remove speech, continued to characterize her conduct as dishonest or theft-like, and escalated collection or police-related measures.

55. Those actions would deter a reasonable person from opposing discrimination or pursuing administrative remedies.

56. Defendant's actions were causally connected to Plaintiff's protected activity and violated Title VII's anti-retaliation provisions.

## COUNT THREE - 42 U.S.C. § 1981
### Race, Ancestry, Ethnicity Discrimination and Retaliation

57. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

58. Plaintiff is of Arab/Palestinian ancestry and ethnicity, which is protected under 42 U.S.C. § 1981.

59. Plaintiff had contractual and employment-related rights with Defendant, including the right to make, perform, enforce, and enjoy the benefits of her employment relationship free from intentional discrimination.

60. Defendant intentionally discriminated against Plaintiff in the making, performance, modification, termination, or enjoyment of her employment relationship and related benefits.

61. Defendant further retaliated against Plaintiff after she complained about discriminatory treatment.

62. Defendant's conduct violated 42 U.S.C. § 1981.

## COUNT FOUR - CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT
### Conn. Gen. Stat. § 46a-60 et seq.

63. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

64. Cross River transacted business affecting Connecticut and caused discriminatory and retaliatory harm to Plaintiff while she resided in Connecticut.

65. Plaintiff exhausted or sought release of applicable administrative remedies through CHRO proceedings, including CHRO No. 2530104.

66. Defendant's conduct constituted discrimination and retaliation in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 et seq.

## COUNT FIVE - FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)

67. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

68. Upon information and belief, Cross River furnished or caused to be furnished information concerning Plaintiff to consumer reporting agencies, debt buyers, collection entities, vendors, or other entities using consumer or risk-related data.

69. Plaintiff disputed inaccurate, incomplete, or misleading Cross River-related information through appropriate channels, including consumer-reporting or regulatory channels.

pg. 5 of 8

70. After receiving notice of dispute from a consumer reporting agency or through channels triggering duties under the FCRA, Defendant failed to conduct a reasonable investigation, failed to review all relevant information, failed to correct or delete inaccurate information, and/or continued to permit inaccurate or misleading reporting or data use.

71. Defendant's conduct caused financial, credit, reputational, housing, and emotional harm.

72. Defendant violated 15 U.S.C. § 1681s-2(b).

### COUNT SIX - DEFAMATION / DEFAMATION PER SE

73. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

74. Defendant, through its agents and representatives, stated or implied that Plaintiff stole from Cross River, committed theft, acted with nefarious intent, or engaged in dishonest misconduct.

75. Those statements were false or materially misleading because Plaintiff did not steal from Cross River, offered to repay disputed charges, and disputes Defendant's characterization of the Divvy/CREDO issue as theft or intentional wrongdoing.

76. The statements were published or republished to persons other than Plaintiff, including internal company personnel, legal representatives, government or police-related recipients, administrative agencies, prospective-employment contexts, and/or third parties connected to collection or reporting activity.

77. The statements concerned Plaintiff's honesty, integrity, and fitness for her profession, and are defamatory per se or otherwise actionable.

78. Defendant acted negligently, recklessly, and/or with actual malice because it knew or should have known that Plaintiff disputed the accusation, had offered repayment, and had not been adjudicated guilty of theft or any criminal act.

79. Plaintiff suffered reputational harm, emotional distress, lost employment opportunities, and economic damages.

### COUNT SEVEN - NEGLIGENT / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

81. Defendant's conduct in abruptly terminating Plaintiff, branding her as dishonest or a thief, escalating legal and police-related pressure after she complained of discrimination, and allowing those accusations to continue causing harm was extreme, unreasonable, or foreseeably distressing under the circumstances.

82. Defendant knew or should have known that its conduct would likely cause severe emotional distress, reputational damage, and financial instability.

83. Plaintiff suffered severe emotional distress, humiliation, anxiety, loss of professional confidence, and other damages.

### COUNT EIGHT - TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

84. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

85. Plaintiff had reasonable business and employment expectancies, including future employment opportunities in cybersecurity, risk, compliance, banking, and technology fields.

pg.6 of 8

86. Defendant's false or stigmatizing accusations, post-termination conduct, and refusal to correct or neutralize the disputed narrative foreseeably interfered with Plaintiff's ability to obtain comparable employment.

87. Defendant acted with improper motive and/or improper means, including discriminatory and retaliatory motive, intimidation, and reputational harm.

88. Plaintiff suffered lost income, lost opportunities, and related damages.

## VII. DAMAGES

- Lost wages, back pay, front pay, lost benefits, lost bonus and equity-related compensation, and lost professional opportunities;
- Reputational harm and impairment of future employability;
- Emotional distress, humiliation, anxiety, and related damages;
- Credit, consumer-data, housing, financial, and out-of-pocket harms;
- Statutory, compensatory, punitive, and liquidated damages where available;
- Prejudgment and post-judgment interest, costs, and any other relief permitted by law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Cross River Bank, and award the following relief:

A. A declaratory judgment that Defendant violated Plaintiff's rights under federal and state law;

B. Back pay, front pay, lost benefits, and all employment-related economic damages;

C. Compensatory damages for emotional distress, reputational harm, credit harm, and financial injury;

D. Punitive damages to the extent permitted by law;

E. Correction, retraction, deletion, or neutralization of false or misleading statements and records concerning Plaintiff, including any inaccurate consumer, debt, risk, or employment-related information;

F. Injunctive relief prohibiting further retaliation, defamatory publication, inaccurate reporting, or misuse of Plaintiff's information;

G. Costs, fees where permitted, prejudgment and post-judgment interest; and

H. All other legal and equitable relief the Court deems just and proper.

## IX. JURY DEMAND

89. Plaintiff demands a trial by jury on all issues so triable.

Dated: May 19, 2026

Respectfully submitted,

pg 7 of 8

/s/ Anwar Abu-Shayed
Anwar Abu-Shayed
23 Green Hills Circle
Waterbury, CT 06708
Telephone: 914-384-8298
Pro Se Plaintiff

### CERTIFICATE OF SERVICE

I certify that a copy of this Complaint and related filing papers will be served on Defendant in accordance with the Federal Rules of Civil Procedure and any applicable orders or procedures of this Court.
Dated: May 19, 2026

/s/ Anwar Abu-Shayed
Anwar Abu-Shayed

pg. 8 of 8